Date signed February 16, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### at Greenbelt

IN RE:                               :

FRANK J. BUCCERI          :     Case No. 09-25576PM
                              :            Chapter 13
         Debtor             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

The court dismissed this bankruptcy case under Chapter 13 by an Order entered November 23, 2009. The reason for the dismissal was that the Debtor had noncontingent, liquidated, secured debts aggregating $1,283,414.62 and noncontingent, liquidated, unsecured debts aggregating $796,804.76. Section 109(e) of the Bankruptcy Code provides:

> **11 U.S.C. § 109. Who may be a debtor**
>
> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650 may be a debtor under chapter 13 of this title.

It is an affront to the bankruptcy procedure that counsel sought to continue this case under Chapter 13 for a debtor that clearly was ineligible.

At the hearing on the court's Order to justify compensation of counsel issued November 24, 2009, counsel advised the court that the case remained in Chapter 13 because his client

insisted.  At this point in the representation, being well aware of his client's ineligibility, counsel should have stricken his appearance if the client was unwilling to convert the case to a case under Chapter 7 or Chapter 11.

In fixing compensation, the court is aware that counsel accumulated a fair amount of data that would be useful in a case filed under Chapter 7 or Chapter 11.  However, at some point, well before the filing of the Schedules, counsel should have taken appropriate action.  Various work contained in counsel's response to the Order to Justify Fee was clearly uncalled for in view of the circumstances.  An appropriate order will be entered.

cc:
Richard J. Hackerman, Esq., 116 West University Parkway, Baltimore, MD 21210
Frank Bucceri, 10203 Twilight Gun Lane, Berline, MD 21811
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**